**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES**                                       **CRIMINAL ACTION**

**VERSUS**                                              **NO.  12-314**

**MYLES FITZGERALD GUIDRY**                             **SECTION:  "G"**

## ORDER AND REASONS

Pending before the Court is Myles Fitzgerald Guidry's ("Guidry") Unopposed Motion for Early Termination of Supervised Release.[1] On January 10, 2013, Defendant Myles Fitzgerald Guidry pled guilty to Count One of the Bill of Information charging him with receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1).[2] On April 18, 2013, the Court sentenced Guidry to a term of imprisonment of 108 months, to be followed by a term of supervised release of life.[3] On January 21, 2015, the Court granted the government's Rule 35 motion and reduced the term of imprisonment to a term of 64 months, to be followed by a term of supervised release of life.[4] On May 11, 2017, Guidry was released to a residential re-entry center. On July 7, 2017, Guidry's term of supervised release began in the Western District of Louisiana, where Guidry resides.

In the instant motion, Guidry requests that this Court enter an Order terminating his

---

[1] Rec. Doc. 60.

[2] Rec. Doc. 25.

[3] Rec. Doc. 40.

[4] Rec. Doc. 57.

supervised release.[5] Guidry asserts that he has demonstrated accountability, responsibility, and meaningful personal growth by participating in the Western District of Louisiana Substance Abuse Program for many years.[6]

In support of his request, Guidry presents a letter from his former substance abuse counselor, Mary "Tootie" Landry, which states: "Guidry has participated actively in Group therapy and has attended enormous amounts of Group sessions not required by the Probation Officer. . . . Guidry has been fully compliant with his drug tests and has had no further encounters with law enforcement. . . . I believe [] Guidry is fully rehabilitated."[7] Guidry presents a letter from another substance abuse counselor, Brittany Breaux, who states since 2019 Guidry "has attended 89 Group Sessions . . . [where] he has worked on unresolved issues of his past, appears to have a healthier way of thinking, and appears motivated to stay clean and sober."[8] Guidry also presents a letter from counselor Richard M. Burleigh, who confirms that Guidry engaged in long-term substance abuse treatment with Acadiana Counseling Connection from August 23, 2017 through July 27, 2021. Burleigh opines that "Guidry demonstrated a remarkable commitment to personal growth and rehabilitation." [9]

Guidry asserts that these letters provide compelling evidence that he has remained sober, law-abiding, and fully engaged with rehabilitative efforts.[10] Accordingly, Guidry asserts that the

---

[5] Rec Doc. 60-2.

[6] *Id*. at 3.

[7] Rec. Doc. 60-4.

[8] Rec. Doc. 60-5.

[9] *Id.*

[10] Rec Doc. 60-2 at 5.

record supports early termination of supervised release.[11]

Pursuant to 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available.[12] Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release.[13]

Guidry's term of supervised release began on July 7, 2017, almost nine years ago. Guidry has been compliant with the terms and conditions of supervised release, and the progress he has made is commendable. Nevertheless, compliance alone is not sufficient grounds for termination of supervised release. Guidry was convicted of serious criminal behavior. As set forth in the presentence investigation report, the conviction carried a mandatory term of at least five years of supervised release and up to life.[14] Guidry presents evidence to show that he has undergone extensive treatment for substance abuse. Guidry was convicted of receipt of child pornography, and the Court ordered that he participate in sex offender treatment as a condition of his supervised release. Guidry has not provided any information on his participation or progress in sex offender

---

[11] *Id.* at 6.

[12] *See* 18 U.S.C. § 3553(a).

[13] *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

[14] Rec. Doc. 35 at 13.

treatment. Therefore, Guidry has not demonstrated that it would be appropriate to terminate supervised release at this time.[15] However, the Court may be inclined to reconsider the issue in one year, upon filing of a motion, if Guidry can demonstrate successful completion of a sex offender treatment program.

Accordingly,

**IT IS HEREBY ORDERED** that Myles Fitzgerald Guidry's Unopposed Motion for Early Termination of Supervised Release[16] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 29th day of May, 2026.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[15] *See* Fed. R. Crim. P. 21.1(c)(2)(B) (hearing is not required where the relief sought is favorable to the person and does not extend the term of probation or supervised release).

[16] Rec. Doc. 60.